[Of the Sixth Circuit, sitting in the first circuit.]

WM. FITZGERALD V. UNION SAVINGS BANK & TRUST CO.

RULES APPLICABLE TO SIGNATURES TO CONTRACTS NOT APPLICABLE TO NOTICE TO VACATE.

A notice to vacate premises was sufficient when signed "Edgar Stark, Assistant Secretary of the Union Savings Bank & Trust Company," the premises in question being in charge of the company as receiver.

HEARD ON ERROR.

HAYNES, J.

The notice in question in this case, made in pursuance of sec. 6602, Rev. Stat., is sufficient.

The rule laid down in the cases cited by counsel relates to signatures to contracts, and is one not applicable to a case of this kind, where less strictness is required.

"When an estate or right is to be determined or affected by notice to the party in whom the same is vested, whether such notice be stipulated for by contract or be required by law, it must come from the party who by law or the terms of the contract is clothed with power of terminating the estate or affecting the right in this manner, or from his duly authorized agent. Of this character are notices to quit from landlord to tenant." Wade on Notice, sec. 698; see also, sec. 636, and Reed v. Hawley, 45 Ill., p. 40.

The secretary of a corporation is the proper officer to conduct its correspondence, and we think it sufficiently and clearly appears that he was giving the notice for and on behalf of the Union Savings Bank & Trust Company, receiver, etc.

The judgment of the court of common pleas is affirmed.

*C. W. Merrill*, for plaintiff in error.